[Crim. No. 872. Second Appellate District, Division Two.—May 2, 1922.]

## In the Matter of the Application of GEORGE D. COLE for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS—LOS ANGELES — SENTENCE FOR MISDEMEANORS—JURISDICTION OF POLICE COURT.—Under sections 2 and 15 of chapter 267 of the Statutes of 1913, conferring jurisdiction on the police court of a city of the first and one-half class over misdemeanors punishable by fine or imprisonment or both, committed in the city where such court is held, and further providing that upon conviction the person shall upon the order of the judge be imprisoned in the city jail, the police court of the city of Los Angeles has jurisdiction to sentence a person convicted of vagrancy on a charge under subdivision 5 of section 647 of the Penal Code, to be confined in the city jail, and such section of the code is inapplicable as to the penalty.

PROCEEDING on Habeas Corpus to secure release from imprisonment after sentence for vagrancy. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

C. Franklin Baxter for Petitioner.

Erwin W. Widney and J. Friedlander for Respondent.

CRAIG, J.—The petitioner was prosecuted in the police court of the city of Los Angeles. He was charged with vagrancy under section 647 of the Penal Code of Califor-

nia, subdivision 5 thereof, and was convicted and sentenced to be confined in the city jail of Los Angeles for a period of 180 days. We are asked to hold that the police court exceeded its jurisdiction in pronouncing this sentence and particularly in that the petitioner was sentenced to the city jail, whereas it is contended that the law directs such imprisonment to be in the county jail. As authority for this claim it is said that article X of the charter of Los Angeles established a police court, and that section 647 of the Penal Code is controlling as to the penalty for the offense of which petitioner was convicted. The provision of the charter above mentioned was held to be void by the supreme court in *Fleming* v. *Hance*, 153 Cal. 162 [94 Pac. 620]. The same case also decided that although the present charter of the city of Los Angeles provides for the establishment of a police court, the city has not taken advantage of its authority in that regard and that, therefore, the scope of legislative control remains as provided in section 1 of article VI of the constitution, in which the legislature is given power to create police or other inferior courts in any incorporated city or town.

[1] Sections 2 and 15 of chapter 267 of the Statutes of 1913 apply here and not section 647 of the Penal Code. These sections expressly authorize the judgment pronounced against the petitioner. Los Angeles is a city of the first and one-half class and the provisions last mentioned confer jurisdiction on the police court of a city of that class over misdemeanors, punishable by fine or imprisonment or both, committed in the city, where such police court is held, and provide further that upon conviction of such an offense the person "shall upon the order of the judge before whom such conviction is had, be imprisoned in the city jail," etc.

The writ is discharged and the petitioner remanded.

Finlayson, P. J., and Works, J., concurred.